ARMSTRONG, Judge.
This is a suit by a real estate broker to recover a commission allegedly due as a result of the sale of certain property.
On April 28, 1981 real estate broker Farnsworth Samuel Limited, (“Farnsworth Samuel”), appellee, and seller, Charles L. Grant, appellant, entered into an exclusive listing agreement. The agreement was to be in effect for six months, until October 21, 1981. An extension of that listing agreement was executed on October 15, 1981, continuing the terms of the listing agreement to April 21, 1982. Under the terms of the listing agreement there was an extension clause providing that the broker would be entitled to the stipulated commission in the event that a sale was negotiated within 180 days of the expiration or termination of the contract.
The purchaser in this sale is Lawrence Peck. Mr. Peck lived across the street from the subject property at the time the initial listing agreement was executed between the plaintiff and defendant. However, the testimony shows that Mr. Peck did not know the house was for sale until it was advertised by plaintiff in the newspaper, at which time Mr. Peek contacted the plaintiff. One of plaintiff’s agents, Ms. Parsons, received the call and arranged to take Mr. Peck to inspect the property. Thereafter, in May of 1982, Ms. Parsons, on behalf of Mr. Peck, submitted an offer to purchase to Mr. Grant in the amount of $169,000. That offer was refused because Mr. Grant had accepted another offer from *254 a Mr. Kiene and was preparing to finalize the sale. However, that sale was never completed and Mr. Grant was then free to sell the property to others. Ms. Parsons was unaware that the Kiene sale had not been completed until September or October. At that time the listing agreement with Farnsworth Samuel had expired; however, the extension clause was still in effect.
When Ms. Parsons discovered that the sale had not been completed she contacted Mr. Peck, who told her that he was no longer interested in purchasing the property. Ms. Parsons was unaware that in the interim, in July of 1982, Mr. Grant had hired Mr. Peck to manage the property for him.
Thereafter, in January of 1983, Mr. Peck called Mr. Grant and offered to purchase the property. Pursuant to that discussion, on February 2, 1983 Mr. Peck submitted to Mr. Grant a written offer to purchase the property for a price of $160,272.26. Mr. Grant ultimately agreed to that price and the sale was completed on February 16, 1983.
Soon thereafter, Farnsworth Samuel sued Mr. Grant claiming that it was due a brokers commission as it was the procuring cause of the sale. The trial court agreed and rendered judgment in favor of Farns-worth Samuel for the full amount of the brokers commission, $8,410.89. Mr. Grant appeals.
Mr. Grant claims that the trial court erred in awarding Farnsworth Samuel the brokers commission, as Farnsworth Samuel failed to prove that it was the procuring cause of the sale.
Procuring cause has been defined as a cause originating or setting in motion a series of events which, without break in their continuity, result in accomplishment of the prime object of the employment of the broker, which may variously be a sale or exchange of the principal’s property, an ultimate agreement between the principal and prospective contracting party, or the procurement of a purchaser who is ready, willing, and able to buy on the principal’s terms.
Creely v. Leisure Living, Inc., 437 So.2d 816, 820 (La.1983) (citations omitted).
There are any number of factors to consider in determining whether a broker has or has not been the procuring cause of a sale. Some of those factors are as follows: whether the prospect who ultimately purchased the property knew about the property before being contacted by the broker; the relative success or failure of the negotiations conducted by the broker, including the continuity or discontinuity of the original and final negotiations, the length of time elapsing between the brokers negotiations and the final sales agreement, and the development of a new, different, or independent motive for the prospect to purchase; whether or not the broker abandoned efforts to negotiate the transaction with a particular prospect; and, finally, the good or bad faith of the principal and the broker. Comment, The Law of Real Estate Brokerage Contracts: The Brokers Commission, 41 La.L.Rev. 857 (1981).
Those factors indicate that Farns-worth Samuel was the procuring cause of the sale. Mr. Peck did not know that the property was for sale before he saw the broker’s advertisement in the newspaper. Ms. Parsons, the Farnsworth Samuel agent, helped Mr. Peck prepare and submit a back up bid on the property. Ms. Parsons continued to try to sell the house to Mr. Peck as late as September of 1982. The difference between the bid submitted by Mr. Peck through Farnsworth Samuel and the final sale price of the house is almost equivalent to the brokers commission (there was an actual difference of $132.26). In addition we cannot ignore the fact that Mr. Grant knew that Mr. Peck was the broker’s prospect.
In sum we find that there was ample evidence to support the trial court’s conclusion that Farnsworth Samuel was the procuring cause of the sale.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
REDMANN, C.J., dissents.